# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANNON O. MURPHY,**<br><br>Plaintiff**,**<br><br>vs.<br><br>**OFFICE OF THE U.S. SENATOR, KAMALA HARRIS,**<br><br>Defendant**.** | CASE NO. 19-cv-00076-YGR<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION AFTER COMPLAINT WAS DISMISSED**<br><br>Re: Dkt. No. 19 |

On January 4, 2019, plaintiff Shannon O. Murphy, proceeding *pro se*, filed a complaint against the Office of U.S. Senator, Kamala Harris as well as a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) On January 8, 2019, Magistrate Judge Sallie Kim, granting plaintiff's motion to proceed *in forma pauperis* and issued a screening order under 28 U.S.C. § 1915(e) finding that plaintiff's complaint failed to state a claim and instructing plaintiff to file an amended complaint addressing the deficiencies identified therein by February 8, 2019. (Dkt. No. 5.) Judge Kim cautioned that failure to file a timely amended complaint would result in a recommendation that the action be dismissed. (*Id.*)

On February 6, 2019, plaintiff filed a request for reconsideration of Judge Kim's January 8, 2019 screening order. (Dkt. No. 7.) Plaintiff failed to file an amended complaint by February 8, 2019. On February 11, 2019, Judge Kim denied plaintiff's motion for reconsideration but, in light of plaintiff's *pro se* status, extended the deadline for plaintiff to file her amended complaint to March 11, 2019. (Dkt. No. 8.) Plaintiff failed to so file, and on April 1, 2019, Judge Kim issued a referral for reassignment and a Report and Recommendation recommending dismissal of plaintiff's complaint without prejudice. (Dkt. No. 9.) Therein, Judge Kim noted that not all parties had consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c) and therefore ordered that the case be reassigned to a District Judge. (*Id.*) Also on April 1, 2019,

plaintiff filed a request for reconsideration of Judge Kim's order denying plaintiff's initial request for reconsideration (Dkt. No. 10) as well as an amended complaint (Dkt No. 11) and a case management statement (Dkt. No. 12). On April 3, 2019, based on plaintiff's *pro se* status and stated mental health issues, Judge Kim vacated the April 1, 2019 referral for reassignment and recommendation for dismissal and therefore denying plaintiff's request for reconsideration as moot. (Dkt. No. 13.)

On April 5, 2019 Judge Kim issued a second Report and Recommendation recommending dismissal of plaintiff's amended complaint without prejudice ("R&R"). (Dkt. No. 14.) Therein, Judge Kim again found, pursuant to 28 U.S.C. § 1915(e) that plaintiff's amended complaint failed to state a claim upon which relief could be granted. No party filed a timely objection, and on May 6, 2019, this Court adopted the R&R and dismissed plaintiff's action without prejudice for failure to state a plausible claim on which relief may be granted. (Dkt. No. 16.) That same day, the Court received plaintiff's "demand [for] attorney representation[.]" (Dkt. No. 17.) On May 15, 2019, having dismissed plaintiff's complaint, and there being no right to counsel in a civil matter, the Court denied plaintiff's request for representation. (Dkt. No. 18.)

Also on May 15, 2019, the Court received plaintiff's "request for reconsideration after complaint . . . was dismissed." (Dkt. No. 19.) Therein, plaintiff asserts that the above-captioned action was "assigned, without permission" to the undersigned and asks that the Court "replace" this action and "re-apply a fair due – process, complaint court law" and for a "change of judge." (*Id.* at 2.) Plaintiff also reasserts her request for a pro-bono attorney. (*Id.*)

The Court, after providing plaintiff ample opportunity to amend her complaint and to object to Judge Kim's R&R, **CONFIRMS** herein that it adopts Judge Kim's R&R in every respect and dismisses without prejudice plaintiff's amended complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, having dismissed plaintiff's complaint and there being no right to counsel in a civil matter, the Court again **DENIES** plaintiff's request for representation by a "pro-bono" attorney. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally . . . no constitutional right to counsel in a civil case.").

This Order terminates Docket Number 19.

**IT IS SO ORDERED.**

Dated: May 17, 2019

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28