# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANNON O. MURPHY,**<br>Plaintiff,<br>vs.<br>**OFFICE OF THE U.S. SENATOR, KAMALA HARRIS,**<br>Defendant. | CASE NO. 19-cv-00076-YGR<br><br>**ORDER RE: NOTICE OF RE-FILING OF GOVERNMENT CLAIM**<br>Re: Dkt. No. 22 |

This action was closed on May 17, 2019. The procedural history follows:

**A. Background**

On January 4, 2019, plaintiff Shannon O. Murphy, proceeding *pro se*, filed a complaint against the Office of U.S. Senator, Kamala Harris as well as a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) On January 8, 2019, Magistrate Judge Sallie Kim, granting plaintiff's motion to proceed *in forma pauperis* and issued a screening order under 28 U.S.C. § 1915(e) finding that plaintiff's complaint failed to state a claim and instructing plaintiff to file an amended complaint addressing the deficiencies identified therein by February 8, 2019. (Dkt. No. 5.) Judge Kim cautioned that failure to file a timely amended complaint would result in a recommendation that the action be dismissed. (*Id.*)

On February 6, 2019, plaintiff filed a request for reconsideration of Judge Kim's January 8, 2019 screening order. (Dkt. No. 7.) Plaintiff failed to file an amended complaint by February 8, 2019. On February 11, 2019, Judge Kim denied plaintiff's motion for reconsideration but, in light of plaintiff's *pro se* status, extended the deadline for plaintiff to file his amended complaint to March 11, 2019. (Dkt. No. 8.) Plaintiff failed to so file, and on April 1, 2019, Judge Kim issued a referral for reassignment and a Report and Recommendation recommending dismissal of plaintiff's complaint without prejudice. (Dkt. No. 9.) Therein, Judge Kim noted that not all

parties had consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and therefore ordered that the case be reassigned to a district judge. (*Id.*) Also on April 1, 2019, plaintiff filed a request for reconsideration of Judge Kim's order denying plaintiff's initial request for reconsideration (Dkt. No. 10) as well as an amended complaint (Dkt No. 11) and a case management statement (Dkt. No. 12). On April 3, 2019, based on plaintiff's *pro se* status and stated mental health issues, Judge Kim vacated the April 1, 2019 referral for reassignment and recommendation for dismissal and therefore denying plaintiff's request for reconsideration as moot. (Dkt. No. 13.)

On April 5, 2019 Judge Kim issued a second Report and Recommendation recommending dismissal of plaintiff's amended complaint without prejudice ("R&R"). (Dkt. No. 14.) Therein, Judge Kim again found, pursuant to 28 U.S.C. § 1915(e) that plaintiff's amended complaint failed to state a claim upon which relief could be granted. No party filed a timely objection, and on May 6, 2019, this Court adopted the R&R and dismissed plaintiff's action without prejudice for failure to state a plausible claim on which relief may be granted. (Dkt. No. 16.) That same day, the Court received plaintiff's "demand [for] attorney representation[.]" (Dkt. No. 17.) On May 15, 2019, having dismissed plaintiff's complaint, and there being no right to counsel in a civil matter, the Court denied plaintiff's request for representation. (Dkt. No. 18.)

Also on May 15, 2019, the Court received plaintiff's "request for reconsideration after complaint . . . was dismissed." (Dkt. No. 19.) Therein, plaintiff asserted that the above-captioned action was "assigned, without permission" to the undersigned and asks that the Court "replace" this action and "re-apply a fair due – process, complaint court law" and for a "change of judge." (*Id.* at 2.) Plaintiff also reasserted his request for a pro-bono attorney. (*Id.*)

On May 17, 2019, the Court denied plaintiff's request for reconsideration and therein confirmed that it adopted Judge Kim's R&R in every respect and dismisses without prejudice plaintiff's amended complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 20.) The Court also again denied plaintiff's request for representation by a "pro-bono" attorney. (*Id.*)

2

**B. Current Posture**

On June 14, 2019, plaintiff filed a document entitled "Re-Filing of Government Claim." (Dkt. No. 22.) The document appears to attach a two-page commercial form entitled "Government Claim – Judicial Branch" and allege that plaintiff suffered injury on April 1, 2019 as a result of conduct by the Court. (*Id.*) Specifically, plaintiff asserts that he "was injured, caused illness, panic attack, after her reviewed his court case legal documents, and was compel abnormal heart, and respiration rates." (*Id.* at ECF 2 (quoted verbatim).) Specifically, plaintiff alleges that "[h]e was surprised so that he was forced to maintain of a use his VA doctor's prescribed medication called Albuterol." (*Id.* (quoted verbatim).) Plaintiff further writes (verbatim) that his court case, captioned above

> was damaged by error(s) attend the 'date markings' in placed on his filed court documents . . . [and] was already suffer unnecessary delays, includes for the absence of an availability, concern confer, and or meet with attorney(s), defendant(s) relevant: case was unfair 'no U.S. Attorney(s) were assigned to this court case, fairly to administer relevant.' Here claimant there case plaintiff, exclaims case sabotage, cause much appointment(s) relevant, as 'monetary losses' occurred this U.S. District Court Case, C 19-0076, SK. (relevant) claimant states that court, and or court's clerk, are responsible."

(*Id.*)

Judicial officers have immunity from suit for decisions they have made. *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (holding that judicial immunity applies even "where the action he took was in error, was done maliciously, or was in excess of his authority" and a judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction"). To the extent that plaintiff's June 14, 2019 filing constitutes an effort to file an additional or amended complaint because of the distress caused by an order, plaintiff fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Based on the Court's prior rulings, this action remains **CLOSED**. The Clerk of the Court is instructed to return any future filings by plaintiff.

**IT IS SO ORDERED.**

Dated: June 27, 2019

*[signature]*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3